IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HERBERT HASBELL,<br>    Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | Civil No. 3:10-CV-886-D-BL<br><br>Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the Coffield Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas, brings this action pursuant to 28 U.S.C. § 2254. Hasbell challenges the validity of disciplinary action nos. 20100037777 and 20100110118, which were taken against him at the Michael and Coffield Units in Tennessee Colony, Texas. Petition ¶ 17.

Hasbell argues that he was denied due process and presents the following grounds for relief in support thereof: (1) no evidence was presented in the disciplinary proceeding; (2) he was denied an impartial hearing; (3) the disciplinary hearing audio was destroyed; (4) he was denied the right to call witnesses; and (5) he was punished twice.[1] Petition ¶ 20.

As a result of his conviction, Hasbell received the following punishment: (1) loss of 45 days of commissary privileges; (2) 45 day cell restriction; (3) reduction in line class from S3 to L1; (4)

---

[1] Petitioner was first convicted in disciplinary action no. 20100037777 but that conviction was overturned and refiled under disciplinary action no. 20100110118. Because Petitioner received the same punishment in both cases, he believes he has been sentenced twice.

15 days of solitary confinement; and (5) loss of 30 days good-time credit. Petition ¶ 18.

Before considering the substance of Petitioner's claims, this court must first "answer the threshold question necessary for any finding of a violation of a prisoner's right to procedural due process: whether he had a 'liberty interest' that the prison action implicated or infringed." *Richard v. Joslin*, 501 F.3d 415, 418-419 (5th Cir. 2007) (quotation marks and citation omitted). In the prison context, a liberty interest is created in one of two ways: either the Due Process Clause confers a liberty interest, *see Sandin v. Conner*, 515 U.S. 472, 479 n. 4 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493-94 (1980)), or such an interest is created by the state through a statute, *id.* at 477-78, 483-84.

Under the circumstances of the instant case, no constitutionally protected liberty interest is implicated. *See Nathan v. Hock*, No. 11-60811, 2012 WL 1758573 at *1 (5th Cir. May 17, 2012) (per curiam) (unpublished) ("[A] prisoner's change in custody status, including his placement in disciplinary segregation or lock-down; the loss of recreation and commissary privileges; and the imposition of cell restrictions, does not implicate a liberty interest because those punishments do not represent 'the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.'"(citing *Sandin*, 515 U.S. at 486; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995))). Further, because Hasbell admitted he is not eligible for mandatory supervised release, *see* Petition ¶ 16, he has no constitutionally protected interest in his previously earned good-time credits, *see Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F. 3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 17th day of July, 2012.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**